Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4382 | **DATE** | 3/1/2002 |
| **CASE TITLE** | FERROSTAAL, INC. vs. AMERICAN COMMERCIAL BARGE LINES, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motions for summary judgment [13-1, 14-1] are denied. The joint pre-trial order and agreed jury instructions shall be presented on April 2, 2002 at 9:00 a.m. Plaintiff's draft shall be submitted to defendants by March 25, 2002. Trial is set on April 24, 2002 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERROSTAAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 4382 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| AMERICAN COMMERCIAL | ) | |
| BARGE LINES, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Ferrostaal, Inc. ("Ferrostaal") sues American Commercial Barge Lines, L.L.C. ("American Commercial") for negligence in the transportation of 83 steel sheet coils under the Harter Act, 46 U.S.C. § 190 *et seq.* American Commercial moves for summary judgment.

## BACKGROUND

All facts are undisputed unless otherwise noted. Ferrostaal imports and sells steel products. American Commercial transports goods by barge on the inland waters of the United States. In July 1998, American Commercial transported 83 coils from New Orleans, Louisiana to Chicago, Illinois. Those coils were part of a larger shipment of 1285 coils that arrived in New Orleans from Chile on the M/V Golden Venture ship. The coils showed evidence of condensation when they arrived in New Orleans. A number of coils were shipped on barges to Chicago. In Chicago, James McNulty, Ferrostaal's damage surveyor, determined that 60% to 75% of the coils sustained rust damage.

1

# DISCUSSION

## I. Summary Judgment Standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Res. Comm.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Bay v. Cassens Transp., Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). If the moving party meets this burden, the nonmovant must respond by setting forth specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e).

## II. *Restitutio in Integrum*

American Commercial contends Ferrostaal has made a complete recovery for all losses sustained during the shipment of coils. Under the principle of *restitutio in integrum*, a plaintiff should be placed in a position previously enjoyed prior to the time damages were sustained. *Hillier v. Southern Towing Co.*, 740 F.2d 583, 585 (7th Cir. 1984) ("the plaintiff is to be made whole in monetary terms"); *see also City of Milwaukee v. Cement Division, National Gypsum Co.*, 515 U.S. 189, 195 (1995) ("[f]ull compensation has long been recognized as a basic principle of admiralty

2

law"). American Commercial asserts Ferrostaal recovered $1,869,374.61 in settlement proceeds from other actions involving damaged coils. According to American Commercial, James McNulty, Ferrostaal's damage surveyor, states that damages for all coils on the M/V Golden Venture total $1,710,750.36. Def. 56.1 Facts A, Ex. 8.[1]

It is undisputed Ferrostaal recovered $1,869,374.61 in settlement proceeds for two actions for damaged coils. American Commercial's argument that Ferrostaal made a full recovery from settlement proceeds relies exclusively on McNulty's damages report. However, a review of the McNulty report reveals that American Commercial erroneously contends total losses for all coils amount to $1,710,750.36. McNulty's report calculates only damages with respect to filed claims for losses. One of Ferrostaal's actions involving coils on barge no. CCT 267 that sank in Wellsville, Ohio resulted in a settlement of $469,374.61. *Id.*, Ex. 10. That claim is not included in McNulty's report because it was not filed as an insurance claim. McNulty's report provides that: "83 coils ex CCT 267 partially immersed when barge buckled at Wellsville . . . [American Commercial] paid loss directly to Ferrostaal Inc. No insurance claim." *Id.*, Ex. 8. An estimated loss amount for the CCT 267 coils is not included in McNulty's final calculations. *Id.* Thus, American Commercial misreads McNulty's report – Ferrostaal has recovered $1.4 million of the $1,710,750.36 estimated losses in the report through settlement. Ferrostaal has not made a complete recovery according to McNulty's report. As a matter of law, American Commercial fails to demonstrate Ferrostaal's claim is barred under *restitutio in integrum*.

---

[1] American Commercial submits two motions for summary judgment with separate Rule 56.1 statement of material facts. The court refers to the Rule 56.1 statement on the *restitutio in integrum* argument as "Def. 56.1 Facts A" and the settlement release argument as "Def. 56.1 Facts B."

## II. Release in the Settlement Agreement

American Commercial argues Ferrostaal is barred from bringing this action because Ferrostaal is bound by a settlement agreement release clause executed for an action in the Southern District of New York ("the New York litigation"). *Ferrostaal v. M/V Golden Venture*, No. 99 C 4766 (S.D.N.Y. 1999). Ferrostaal sued M/V Golden Venture, Infanta Shipping Co., Ltd., and Eurocarriers S.A. for damages caused to coils on-board the M/V Golden Venture in its trip from Chile to New Orleans. Def. 56.1 Facts B, Ex. 3. Ferrostaal settled that action for $1.4 million. *Id.* at ¶ 7. Because Ferrostaal and M/V Golden Venture served a "vouch-in" notice on American Commercial in the New York litigation, American Commercial argues Ferrostaal's claims are barred by a release in the settlement agreement. *Id.*, Ex. 6, 7. The release states: "That Ferrostaal Inc. . . as Releasor, in consideration of One Million Four Hundred Thousand . . . releases and discharges all defendants . . . from all actions, causes of actions [and] suits." *Id.*, Ex. 6. Specifically, American Commercial asserts it can invoke the release clause because it was a defendant in the New York litigation.

Under the common law practice of voucher, a defendant in an action that seeks to hold a third party liable serves a notice to defend on that party. *Scac Transport Inc. v. Universal Maritime Serv. Corp.*, 845 F.2d 1157, 1161 (2d Cir. 1988). "If the indemnitor accepts this opportunity, it becomes a party to the action and is of course bound by the result. If the indemnitor refuses to assume the defense . . . the defendant . . . may bring a separate action against the indemnitor to enforce indemnification." *Id.* at 1162. The continued existence of common law voucher is uncertain; Fed. R. Civ. P. 14 now governs impleader and joinder of third-party defendants. *Scac Transport*, 845 F.2d at 1162 ("vouching is a superfluous procedure where impleader is available."); *Humble Oil & Refining Co. v. Philadelphia Ship Maintenance Co.*, 444 F.2d 727, 735 (3d Cir. 1971) ("vouching-in

4

remains marginally viable under the federal rules"). The Seventh Circuit has suggested that a vouching procedure under the Uniform Commercial Code may not bind federal courts because the governing procedural law in federal cases is the Federal Rules of Civil Procedure. *Hydrite Chemical Corp. v. Calumet Lubricants Co.*, 47 F.2d 887, 890 (7th Cir. 1995); *see also West Indian Co. v. S.S. Empress of Canada*, 277 F.Supp. 1, 2 (S.D.N.Y. 1967) ("vouching-in has been largely replaced by modern third party practice").

This court does not need to decide the viability of vouching procedures because Ferrostaal was not a defendant in the New York litigation. In a vouching action, the vouchee's refusal to defend the action will bind the vouchee "in any subsequent litigation between them to the *factual determinations* necessary to the original judgment." *Humble Oil*, 444 F.2d at 735 n.15 (emphasis added). Vouching is deemed analogous to the principle of collateral estoppel. *Scac*, 845 F.2d at 1162; *see also Universal American Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1992) (vouching-in is similar to issue preclusion or collateral estoppel); *Aetna Casualty & Surety Co. v. Hase*, 390 F.2d 151, 152 (8th Cir. 1968) (same); *Odell Associates, Inc. v. Alton Oschner Medical Foundation*, No. 01-964, 2002 WL 10465, at *3 (E.D. La. Jan. 2, 2002) (same). Findings of fact and conclusions of law may bind the vouchee that refuses to defend the action if the vouchee's interests are adequately represented. *Scac*, 845 F.2d at 1163 (vouched-in party is bound by arbitrators' findings of facts on negligence); *Leighton Indus., Inc. v. Callier Steel Pipe & Tube, Inc.*, No. 89 C 8235, 1991 WL 18413, at *2 (N.D. Ill. Feb. 6, 1991) (vouch-in procedure does not make vouchee liable for judgment; vouchee is bound "as to those issues common to the two litigations which where actually determined and necessary to the judgment"); *In re Ostrom-Martin, Inc.*, 192 B.R. 937, 945 (C.D. Ill. 1996) (vouching-in under 810 ILCS § 5/3-119 binds vouchee to

findings of fact); Haig, *Commercial Litigation in New York State Courts*, § 7.3 ("a vouchee does not become a party to the action merely by being vouched in by the defendant"). A "judgment does not bind the vouchee if it was obtained through a settlement." *Bloomer Chocolate Co. v. Bongards Creameries, Inc.*, 635 F. Supp. 919, 923 (N.D. Ill. 1986).

American Commercial misconstrues common law voucher. A vouchee does not become a defendant in an action merely because it was given a vouch-in notice and refused to participate. Instead, the effect of the rejected vouch-in notice is to purportedly bind American Commercial to findings of fact and conclusions of law from the New York litigation in a later proceeding. *See Bloomer Chocolate*, 635 F. Supp. at 923-24 (judgment against the voucher does not make the vouchee automatically liable). Indeed, Ferrostaal and M/V Golden Venture's vouch-in notices state that American Commercial will be bound by "all findings of fact and conclusions of law" if it refuses to participate. Def. 56.1 Facts B, Ex. 4, 5. American Commercial provides no authority for its interpretation of common law voucher. Further, American Commercial's assertions are contradictory – American Commercial claims it was a defendant in the New York litigation but concedes it refused to participate, file an appearance, or answer the complaint. *See e.g. Black's Law Dictionary* (7th ed. 1999) (defining "defendant" as a person sued in a civil proceeding). Ferrostaal did not sue American Commercial in the New York litigation and failed to join the company as a third-party defendant under Fed. R. Civ. P. 14. Def. 56.1 Facts B, Ex. 7. Unlike Rule 14 third-party defendants, a vouchee has the option to not participate in an action. American Commercial ignored the vouch-in notice, did not participate in litigation or settlement negotiations, and did not execute the settlement agreement or contribute to the settlement amount. *Id.*, Ex. 6; Pl. 56.1 Facts B at ¶ 14. Thus, American Commercial was not a defendant in the New York litigation. Because the release

in the settlement agreement covers defendants only, American Commercial cannot invoke the release clause. *See Lumpkin v. Envirodyne Indus.*, 933 F.2d 449, 456 (7th Cir. 1991) (unambiguous, plain language of a release clause is dispositive on the application of that release). Accordingly, Ferrostaal's present action against American Commercial is not barred by the settlement agreement.

## CONCLUSION

The motions for summary judgment are denied.

March 1, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

7